STATE, THE SISTERS OF CHARITY OF ST. ELIZABETH, PROSECUTOR, v. THE COLLECTOR OF THE TOWNSHIP OF CHATHAM.

By force of the constitutional amendment adopted in 1875, requiring that " property shall be assessed for taxes under general laws, and by uniform rules, according to its true value," all prior special or local laws exempting property from taxation were abrogated, unless they constituted irrepealable contracts, and all such subsequent laws are annulled.

On *certiorari* to review the assessment of taxes upon the property of the prosecutor for the year 1886.

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the prosecutor, *J. S. Barkalow* and *T. Runyon.*

For the defendant, *James C. Youngblood.*

The opinion of the court was delivered by

DIXON, J.   The sole reason alleged for reversal of this tax is that the property of the prosecutor is exempted from taxation by a supplement to the act concerning taxes, approved March 16th, 1869.   *Pamph. L., p.* 413.   Upon this claim, three questions arise: First, whether the prosecutor is the corporation named in that supplement; second, whether, if it be, that supplement was superseded by "An act to incorporate the Sisters of Charity of Saint Elizabeth," approved March 11th, 1873 (*Pamph. L., p.* 1047); and, third, whether its provision for the exemption of property from taxation was abrogated by the constitutional amendment of 1875 (art. IV., § 7, ¶ 12), directing that " property shall be assessed for taxes under general laws, and by uniform rules, according to its true value."

We think it necessary to decide only the last question.

The single object of the supplement above mentioned was to exempt from assessment and taxation the real and personal property of a religious society incorporated by the name of " The Sisters of Charity of Saint Elizabeth." The exemption thus granted was special, and therefore the statute granting it, although cast in the form of a supplement to a general act, was in reality a special law.

The meaning of the constitutional amendment just referred to, and its effect upon special laws touching the assessment of property for taxes, are sufficiently indicated by the decisions of our courts heretofore rendered. At present we need deal only with the first clause, that property shall be assessed for taxes under general laws, and consider what, according to these decisions, is intended by *assessing* property for taxes and by *general* laws, and then the operation of this amendment with regard to such assessments.

In *Trustees of Public Schools* v. *Trenton,* 3 *Stew. Eq.* 667, the opinion of the Court of Appeals was thus pronounced : " Every system of taxation consists of two parts : the one, relating to the assessment (the designation of the persons and things which shall be the subject of taxation) and the apportionment of taxation among such persons and things in the ratio prescribed by law; the other, the collection of the taxes assessed, by the enforced payment thereof. Paragraph 12, § 7, art. IV., of the constitutional amendments, relates only to the assessment of taxes, and concerns only such equalization of the burdens of taxation as will result from the designation of the property which shall be the subjects of taxation, and the apportionment of the taxes thereon, under general laws, by uniform rules, and upon true valuations."

The same doctrine was reiterated in *Kirkpatrick* v. *New Brunswick,* 13 *Stew. Eq.* 46 ; 14 *Id.* 347.

According to these decisions, the constitution requires that the property to be assessed for taxes shall be designated or selected under general laws.

The train of decisions in this state as to what constitutes a general law need not be cited. It is sufficient to note that a

law cannot be general, unless it relates to at least a class of objects and embraces all the members of the class. As was held by the Court of Errors in *State Board of Assessors* v. *Central R. R. Co.*, 19 *Vroom* 146, "the constitutional provision does not take away from the legislature the power of selecting the subjects of taxation, but it requires that all the members of the class selected shall be included in the taxing law." If one member of the class be excepted from the operation of the law, the law is not general. *Bray* v. *Hudson*, 21 *Id.* 82.

Bearing in mind these principles it becomes manifest that if, in the taxing district where the prosecutor's property is situate, property were assessed for taxes under the act concerning taxes, as modified by the supplement of 1869, on which the prosecutor rests its claim to exemption, such assessment would not be made under general laws; it would be made under laws which do not embrace all the members of the class to which they relate, but except one. An assessment of that character is not such as the constitution enjoins.

Upon this condition of the statutes the effect of the amendment is easily perceived. That amendment was self-executing; *proprio vigore* it annulled all laws which would interfere with its operation. There being in existence, at the time of its adoption, general laws under which property might be assessed for taxes, it commanded that assessments should be made under those laws and such other general laws as the legislature might enact, and abrogated all special or local laws which provided for any different assessments. It is addressed not merely nor primarily to the legislature but directly to the assessing officers, and requires them to be guided by general laws and by those only in selecting the subjects of taxation and in apportioning the taxes thereon, and to disregard all statutes, ordinances or other regulations which would thwart the operation of such laws. There are many adjudications in our courts laying down and applying this principle. *North Ward National Bank* v. *Newark*, 10 *Vroom* 380, 392; *S. C. on error*, 11 *Id.* 558; *Montgomery* v. *Trenton, Id.* 89; *Vail's Executor* v. *Runyon*, 12 *Id.* 106; *Rankin* v. *Love*, 17 *Id.* 132; *Murphy* v.

*Trenton*, 18 *Id.* 79 ; *Howell* v. *Richards, Id.* 434 ; *Saunders* v. *Morris*, 19 *Id.* 99.

Some of the special laws condemned in these cases simply · provided for a selection of the subjects of taxation different from the selection under general laws, without indicating a purpose to impose greater or less burdens upon one locality or individual than on others ; some laid special burdens upon the property of persons in particular localities, while others conferred special privileges and exemptions. But all these special laws were set aside in order that all persons and places might become subject to the general law. In *North Ward National Bank* v. *Newark, supra*, one effect of the local law of 1872, which was deemed by this court a striking instance of the inequality in taxation that the amendment was designed to prevent, was that under the sway of that special act the residents of Newark owning stock in national banks would be free from taxation upon their stock, while non-resident owners of national bank stock would be taxed therefor. So, in *Murphy* v. *Trenton, supra*, the statute which was adjudged to be abrogated by the amendment was one that rendered mortgages upon property in certain places exempt from taxation in the hands of residents. All such exemptions enjoyed by one member of a class result in increased burdens upon the rest, and are as plainly violative of both the spirit and the letter of the constitution as special exactions would be.

I find only one case that seems to favor an opposite view. In *Hoboken* v. *North Bergen*, 14 *Vroom* 146, Mr. Justice Parker appears to have fortified his conclusion that a certain tract of land held by the city of Hoboken as a cemetery was exempt from taxation, by reference to a special law passed in 1862. And in *Newark* v. *Clinton*, 20 *Id.* 370, he seems to speak of the judgment in Hoboken *v.* North Bergen as resting on the special law. Since I sat with him in Hoboken *v.* North Bergen, I may be permitted to say that the judgment therein was fully warranted by the general provisions of the tax laws, which exempt from taxation the property of cities, and also cemeteries, and that the importance of the special law

of 1862 lay in its recognition of the right of the city to hold the entire tract for the purposes of a cemetery. So far as my memory serves, the constitutionality of an exemption under a special law was not mooted in the case. The decision should not be regarded as maintaining such an exemption.

My conclusion is, that under our present constitution there can be no exemption of property from taxation by force of special or local statutes, except, of course, in case of some contract which the amendment of the organic law could not reach.

The tax should be affirmed, with costs.