THE STATE, THE ENGLEWOOD SCHOOL FOR BOYS, PROSECUTOR, v. GILBERT W. CHAMBERLAIN, ASSESSOR, &c., ET AL.

The prosecutor in this case is not exempt from taxation under and by virtue of paragraph 2, section 64, of "An act concerning taxes." *Rev.,* p. 1152.

*Certiorari* to set aside an assessment of taxes for the year 1891, made against the prosecutor by the assessor of Englewood township, Bergen county.

Argued at February Term, 1892, before Justices MAGIE and WERTS.

For the prosecutor, *George R. Dutton.*

For the defendants, *Raymond P. Wortendyke.*

The opinion of the court was delivered by

WERTS, J.   The prosecutor was incorporated September 2d, 1890.   After its incorporation it acquired title to about five and one-half acres of land, and erected thereon a school building, the entire cost being about $15,000.   The school was kept and managed by W. Wilberforce Smith, under an agreement between him and the corporation, which provided that Smith should, for a specified term of years, keep and maintain a high school for boys, with a sufficient corps of teachers and assistants.   It was not a free school.   The rates of tuition varied from $110 to $150 per annum, Smith to receive all tuition fees and other income of the school and apply the same as follows:

Five hundred dollars thereof in payment of interest on mortgage of the school premises, insurance, repairs, taxes or assessments, improvement to the property and books and apparatus for school purposes.   The balance to be applied by Smith to pay assistants and employes, and provide all ordinary supplies needful in the care of the premises and management of the school, and to pay for his own services.

The prosecutor claims to be exempt from taxation by virtue of paragraph 2, section 64, of "An act concerning taxes" (*Rev., p.* 1152), which enacts that "all colleges, academies or seminaries of learning, public libraries, school-houses, buildings erected and used for religious worship," &c., shall be exempt from taxation.

In *State* v. *Ross, Collector of Princeton,* 4 *Zab.* 497, this court held that language identical with that above quoted

(*Pamph. L.* 1851, *p.* 272, § 5, ¶ 2) did not exempt from taxation a private grammar school, kept by a tenant on his own account and at his own risk, on lands belonging to the trustees of the College of New Jersey. The depositions and exhibits returned under the rule bring this case directly within the principle established in Ross *v.* Princeton, and the assessment complained of is, therefore, affirmed, with costs.