55 65
58 297

### THE STATE, THE SOCIETY FOR THE PROMOTION OF LEARNING, &c., PROSECUTOR, v. THE CITY OF NEW BRUNSWICK.

A corporation organized under the "Act to incorporate societies for the promotion of learning," approved April 9th, 1875 (*Rev., p.* 577), and the supplements thereto, owns real estate which it leases to individuals who keep a boarding and day school thereon, and pay rent by paying the interest on a mortgage, the taxes (if any can lawfully be assessed), the water rates and fire insurance premiums—*Held*—

1. That such real estate is not exempt from tax under the second clause of section 5 of the Tax act of 1866. *Rev., p.* 1150.

2. That such corporation is properly taxed upon its real estate either under section 105 of the Corporation act (*Rev., p.* 196), as amended in 1878 (*Rev. Sup., p.* 170), or under sections 15 and 23 of the Tax act of 1866. *Rev., p.* 1150.

*Certiorari* in matter of tax.

Argued at June Term, 1892, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *Alan H. Strong.*

For the city, *Robert Adrain.*

The opinion of the court was delivered by

MAGIE, J. Prosecutor is a corporation under the provisions of the "Act to incorporate societies for the promotion of

learning," approved April 9th, 1875 (*Rev.*, *p.* 577), and the supplements thereto. In 1886 prosecutor acquired title to land in New Brunswick, which, with the buildings, has ever since been and is yet leased by it to the Misses Anable, who occupy the premises for a boarding and day school for young ladies, and who by the lease agree to pay the interest on the mortgage upon the lands, the taxes lawfully assessed (if the premises may be lawfully taxed), all water rates and fire insurance premiums.

Prosecutor complains of the tax assessed against said property as real estate.

It is first contended that the property is exempted from taxation under the second clause of section 5 of the Tax act of 1866. *Rev.*, *p.* 1152.

But this contention has been settled in this court adversely to the claim of prosecutor, in the case of *Englewood School* v. *Chamberlain*, 25 *Vroom* 551, which presented precisely the same features as the case before us.

It is next contended that prosecutor, if liable to tax, is to be assessed, not upon its lands, but upon its capital stock.

By the provisions of section 105 of the Corporation act (*Rev.*, *p.* 196), as amended in 1878 (*Rev. Sup.*, *p.* 170), the real and personal estate of every corporation, except those which fall within the proviso of the section, are to be taxed as the real and personal estate of individuals. Among the corporations exempted by the proviso from the operation of the section are " purely charitable or educational associations."

Prosecutor's claim is that it is exempt from the operation of section 105, as amended, because it falls within the class of corporations so exempted.

If this claim is untenable, obviously the present contention will not avail.

But it is unnecessary to determine whether the claim of exemption is good or not. For if it is good, then prosecutor is to be taxed under the provisions of the general tax law of 1866. *Rev.*, *p.* 1150. By the terms of section 15 of that act the general rule is laid down that private corporations,

not exempted or otherwise taxed, are to be assessed and taxed upon their capital stock paid in and accumulated surplus. But this general rule is modified by the provisions of section 23 of the same act, which requires the real estate of such corporations to be taxed at the place where it is situated, in the same manner as the real estate of individuals, and the amount of such assessment is to be deducted from the capital stock and surplus. *Merchants' Insurance Co.* v. *Newark,* 25 *Vroom* 138.

Therefore, whichever law is applicable to prosecutor, it was rightfully assessed for the real estate in question.

No other objection being made, the assessment and tax thereon is affirmed.