THE STATE, STEPHEN H. LITTLE, PROSECUTOR, v. J. CLARK OLIVER, COLLECTOR OF MORRISTOWN.

1. A supplement to the charter of Morristown, passed in 1867, authorized the addition of fifteen per cent. to be made to the amount of taxes directed to be raised to cover deficiencies.

2. By force of the constitutional amendments of 1875, this special law was repealed and superseded by the general law concerning taxes, which permits an addition of only ten per cent. to be made for deficiencies.

On *certiorari* in matter of taxation.

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the plaintiff, *Stephen H. Little.*

For the defendant, *John B. Vreeland.*

The opinion of the court was delivered by

VAN SYCKEL, J. The prosecutor objects to the assessment made against him in Morristown, for the year 1895, because in addition to the sum directed to be raised for taxes in that year an additional fifteen per cent. was added to cover deficiencies and expenses.

The charter of Morristown, approved April 6th, 1865 (*Pamph. L., p.* 819), confers no taxing power upon the municipality.

By a supplement passed in 1866 (*Pamph. L., p.* 427), the common council was given power to raise the sum of $5,000 by taxation.

By a supplement passed in 1867 (*Pamph. L., p.* 847, § 22), it is provided " that in addition to the amount of taxes directed at any time to be raised, there may also, at the discretion of the common council, be raised and assessed by tax, for the purpose of covering deficiencies and expenses, any additional sum not to exceed fifteen per centum of the amount of taxes directed to be raised."

In 1870, by a further supplement to the charter (*Pamph. L., p.* 383), the common council was authorized to raise by tax the sum of $10,000.

By a supplement passed in 1872 (*Pamph. L., p.* 377), authority was given to raise $12,500.

By a general act passed in 1888 (*Pamph. L., p.* 95), it was provided that where any municipal corporation was limited by its charter or incorporation to raising by taxation in any one year a less sum than $20,000, it should be lawful to raise any sum not exceeding $20,000.

A supplement to the act of 1888, passed in 1895 (*Pamph. L., p.* 284), increased the sum which might be raised to $30,000.

The prosecutor claims that, by the act of 1895, the above-recited provision of the act of 1867 is repealed. Both acts must be upheld, unless there is such an inconsistency between them that they cannot stand together.

The act authorizing the addition of fifteen per cent. was passed after the act limiting the sum to be raised to $5,000.

The acts of 1870, 1872, 1888 and 1895, increasing the sum which may be raised, simply substitute the larger sum in the place of the $5,000 authorized by the act of 1866, and were not intended to affect the provision of 1867.

The town charter should be construed as if the sum authorized by the legislation of 1895 had been inserted in the act of 1866.

The general tax laws permitted a sum to be added to cover deficiencies, and doubtless for a like reason that feature was incorporated in the act of 1867. The language of the act, " that in addition to the amount of taxes directed at any time to be raised there may be added fifteen per cent.," shows that the legislature intended to bestow upon the town the power to add the fifteen per cent. without regard to the then existing limit of taxation. It was an independent provision. The policy of and necessity for the provision exists now as clearly as it did when it was passed.

The terms of the act of 1867 are broad enough to apply to the present *status,* and there is an absence of such inconsistency in these laws as will lead the court, under the established rules of statutory construction, to declare that the earlier law is repealed by implication.

The question remains to be considered whether the twenty-second section of the act of 1867 is repealed by paragraph 12 of section 7 of the constitution, which provides that " property shall be assessed for taxes under general laws and by uniform rules, according to its true value."

Section 62 of the General Tax law (*Gen. Stat., p.* 3292)

provides "that all real and personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation at the full and actual value thereof, on the day in each year when by law the assessment is to commence, at such rate per dollar as will be sufficient to produce the sum required to be raised, together with an addition thereto not exceeding ten per cent. of such sum to meet contingencies, after deducting the poll-tax and the tax derived from foreign insurance companies."

This general law allowing the addition of ten per cent. being in existence at the time of the adoption of the constitutional provision, is the special act of 1867 relating to Morristown abrogated?

In the case of *Sisters of Charity* v. *Chatham*, 22 *Vroom* 89, Mr. Justice Dixon, in referring to this amendment of the organic law, said: "That amendment was self-executing, *proprio vigore;* it annulled all laws which would interfere with its operation. There being in existence, at the time of its adoption, general laws under which property might be assessed for taxes, it commanded that assessments should be made under those laws and such other general laws as the legislature might enact, and abrogated all special or local laws which provided for any different assessments."

In that case a prior special law, exempting property from taxation, was held to have been annulled by the constitutional amendment of 1875.

Is the act of 1867 one of the class of special laws which have been extinguished?

In *Trustees of Public Schools* v. *Trenton*, 3 *Stew. Eq.* 667, the Court of Appeals said: "Every system of taxation consists of two parts—the one relating to the assessment (the designation of the persons and things which shall be the subject of taxation) and the apportionment of taxation among such persons and things in the ratio prescribed by law; the other, the collection of the taxes assessed by the enforced payment thereof. Article 4, paragraph 12, section 7 of the constitutional amendments relates only to the assessment of taxes,

and concerns only such equalization of the burdens of taxation as will result from the designation of the property which shall be the subjects of taxation and the apportionment of the taxes thereon under general laws, by uniform rules and upon true valuation."

If, therefore, the special law of 1867 is to be properly classed with those first mentioned, it has been annulled, otherwise it is in force.

Mr. Justice Depue, who delivered the opinion of the court from which the above extract is taken, says the object of the amendment was "to secure to the people of the state the equalization of taxation, so far as was practicable, by requiring the imposition of taxes on property by general laws, on the principle of uniformity in the subjects of taxation and in valuations. Whether taxes shall be assessed by an officer elected by the people, and called an assessor, or by a commissioner appointed by a municipal body—whether they shall be collected by an elected officer called a collector of taxes or by a receiver, holding his office by virtue of some other authority, and payment thereof enforced by a tax warrant leviable on goods and chattels or on the person, or by a lien upon and sale of property, real or personal, are matters of little importance which the framers of the constitutional amendments wisely left to legislative discretion. Statutes regulating these subjects in force when the constitutional amendments were adopted, though local and special, were not abrogated, nor is such legislation in the future interdicted by this amendment."

This view was reiterated in *Kirkpatrick* v. *New Brunswick*, 13 *Stew. Eq.* 46; *S. C. affirmed*, 14 *Id.* 347. From this specification it must be inferred that, in the opinion of the court of last resort, the only special laws upon the subject of taxation which are not swept away by the amendment of 1875, are those enactments which relate to the details of the method whereby taxes are to be assessed and collected.

The twenty-second section of the act of 1867 is not within this last-mentioned class; it does not relate merely to the

method of assessment and collection, but is a matter of substance enlarging the burden of taxation.

In my opinion, therefore, it was superseded by the general law permitting an addition of only ten per cent. when the constitutional amendment was adopted.

The prosecutor's proportion of $1,500, the illegal excess, must be remitted.