JOHN T. ROSELL, RECEIVER OF THE A. A. ZIMMERMAN MANUFACTURING COMPANY, v. ANDREW J. BUCK, COLLECTOR OF THE TOWNSHIP OF FREEHOLD.

Submitted September 2, 1898—Decided December 7, 1898.

The receiver claimed of the assessor of taxes deduction for mortgages, which it is admitted existed upon the property of the company on the 20th of May, 1897, the day to which the assessment related. The assessor did not question the existence or validity of the mortgages or demand a claim in writing or under oath, but refused to allow the deduction. *Held*, that the assessor should have allowed the deduction, and that the prosecutor is entitled to have it made under the direction of the court.

On *certiorari* in matter of taxation.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the prosecutor, *Acton C. Hartshorne.*

For the defendant, *Rulif V. Lawrence* and *Andrew A. Chambers.*

The opinion of the court was delivered by

VAN SYCKEL, J. The assessor of the township of Freehold, in the year 1897, assessed Rosell, as receiver for the property of the said company, as follows:

| | |
|---|---:|
| Real estate.................................................. | $4,000 |
| Machinery................................................... | 2,024 |
| Office furniture and fixtures............................... | 403 |
| Materials.................................................... | 5,636 |
| | $12,063 |

The assessment was made in accordance with the statute as of May 20th, 1897, but the assessment in fact was made in July, 1897.

It appears by a statement of facts agreed upon by the parties that in July, 1897, the Zimmerman company was indebted as follows:

*First.* A mortgage on the real estate of the company given to one Reed, a resident of Monmouth county, for $2,000, dated April 6th, 1888, duly recorded.

*Second.* A mortgage on the real estate given to Eleanor Brown, of said county, for $1,000, dated February 11th, 1895, and duly recorded.

*Third.* A chattel mortgage dated May 19th, 1897, to A. A. Johnson, of Freehold, New Jersey, for the sum of $1,000.

*Fourth.* A mortgage on real and personal property, dated May 21st, 1897, for $5,683.

If there was any unsecured indebtedness, it does not appear in the case when it was contracted or what was the amount of it.

At the time of the assessment the prosecutor applied to the assessor to have these mortgage debts deducted from the assessed value of the property of the company.

The act of April 17th, 1876 (*Rev.,* p. 1163, *pl.* 109), provides: "That hereafter no mortgage or debt secured thereby shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of the land and allowed by the assessor."

This provision was amended March 28th, 1893 (*Gen. Stat.,* p. 3319, *pl.* 198), to read as follows:

"That hereafter no mortgage on real or personal property,

or both, whether given by individuals or corporations, or the debt secured by such mortgage, shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of such mortgaged property, and allowed by the assessor."

When deduction is claimed, the mortgage is assessed in the taxing district where the property is taxable.

It further appears, from the statement of facts agreed upon, that the receiver made a verbal claim to the assessor that these mortgages should be deducted, stating the date and amount of each mortgage and the name of the holder, offering at the same time to give a statement in writing, and that the assessor did not question the correctness of the statement as to the said encumbrances, or demand a statement under oath.

The assessor, without giving notice to the receiver that he would not allow the deductions, and without assigning any reason to the receiver for his action, did refuse to allow the deductions claimed, or any of them, without notifying the receiver of such refusal.

When the receiver received from the township collector notice of his assessment, he applied to the commissioners of appeal without obtaining relief.

Whether, when an assessor fails to allow a deduction, and upon the admitted facts the taxpayer is entitled to it, this court will intervene by *certiorari* to relieve him, is the question presented by this case.

A corporation, although in the hands of a receiver, continues to exist with all its franchises, exercisable by the receiver, and subject to all duties and obligations that rested upon the corporation itself, among which is liability to taxation. *Kirkpatrick, Receiver,* v. *State Board,* 28 *Vroom* 53.

The prosecutor must be regarded as the mortgagor or owner with the right in a proper case to demand deduction.

This court has declared that the object of the act of April 17th, 1876, was to tax mortgaged land at the place where it is situate, leaving it to the volition of the mortgagor or owner

whether he or the holder of the debt secured by the mortgage shall pay the tax. *Merchants' Insurance Co.* v. *Newark,* 25 *Vroom* 143.

The receiver therefore was the proper person to make the demand for deduction, and in the absence of a request by the assessor that the demand be made under oath, no affidavit was necessary to authorize the assessor to allow it. *Vail's Executors* v. *Runyon,* 12 *Vroom* 99 ; *Appleby* v. *East Brunswick,* 15 *Id.* 153.

There can be no doubt, therefore, that the assessor should, in the exercise of a fair judgment, have allowed a deduction for such mortgages as existed upon the property at the time to which the assessment relates, as he was fully informed of the date and amount of each one, and the names of the respective holders. This being so, it seems necessarily to follow that if he could legally make the deduction, it was his duty to the taxpayer to do so. Otherwise the assessor exercises an arbitrary power, allowing or refusing to allow the deduction at his own pleasure.

Upon the admitted facts the prosecutor was entitled to a deduction, and this court will therefore direct that such deduction be now made as the assessor should have made.

The three mortgages bearing date prior to May 20th, 1897, and aggregating $4,000, should have been deducted from the amount of the assessment. The mortgage for $5,683 bears date May 21st, 1897, and therefore as to that the claim of the prosecutor was properly refused allowance. The assessment should be corrected accordingly.

The holders of these mortgages are not parties to this controversy, and we cannot, therefore, consider whether the deducted mortgages can be assessed to them.