COOPER HOSPITAL, PROSECUTOR, v. FRANK H. BURDSALL, RECEIVER OF TAXES OF THE CITY OF CAMDEN.

Submitted December 5, 1898—Decided February 27, 1899.

The Cooper Hospital was incorporated in 1875 under the name of the Camden Hospital (*Pamph. L., p.* 170), for the purpose of erecting a building or buildings on lands proposed to be conveyed by the devisees

of William D. Cooper, deceased, and Alexander Cooper, to be used as a free hospital, and to appropriate moneys for the maintenance and support of the same, with power to purchase, take, have, hold, receive and enjoy all lands, &c., in fee-simple or otherwise, and any goods, chattels or property, real or personal, for the purposes of said corporation. The object of the corporation was declared to be to afford gratuitous medical and surgical aid, advice, remedies and care to such invalid or needy persons as under its rules and by-laws should be entitled to the same, and to construct such buildings and make such provisions as were necessary for the accomplishment of such object. The prosecutor is owner in fee as part of its endowment and for the purposes of the incorporation of two parcels of real estate, devised and bequeathed to it for the charitable purposes mentioned in its charter. The property composing its endowment and held and used by it for those purposes consists to a large extent of bonds, mortgages, securities and real estate, improved and unimproved, devised and bequeathed to it as aforesaid. The real estate consists in part of improved property, from which the hospital receives certain income. The income of the improved property and of the said bonds and securities is used exclusively for the purposes for which the corporation was created; and the unimproved property is held for sale, the proceeds from which will be invested and used for the purposes of the hospital as soon as such investments can be made. *Held,* following the decision of the Court of Errors and Appeals in *Sisters of Charity* v. *Chatham,* 23 *Vroom* 373, that the prosecutor is not liable to taxation upon said property.

On *certiorari.*

The Cooper Hospital was incorporated under the name of the Camden Hospital by an act passed March 24th, 1875. *Pamph. L., p.* 170. The act recites that it is proposed by the devisees of William D. Cooper, deceased, and Alexander Cooper to convey certain lands in the city of Camden to the incorporators as trustees, for the purpose of erecting thereon a building or buildings to be used as a free hospital, and to appropriate moneys for the maintenance and support of the same, pursuant to the wishes and directions of the said William D. Cooper, deceased; and, whereas, it is considered that the benevolent intention of the projector of such institution and of the said donors can be better carried out and the objects sought to be accomplished facilitated and promoted by

an act of incorporation; therefore, it was enacted that certain persons named should be constituted and made a body politic and corporate by the name of "The Camden Hospital," and by that name they and their successors should have perpetual succession, power to purchase, take, have, hold, receive and enjoy all the lands, tenements and hereditaments in fee-simple or otherwise, and any goods, chattels or property of any description, real or personal, whether acquired by gift, grant or otherwise, and to grant, lease, assign, sell or otherwise dispose of the same for the purposes of said corporation.

By the second section the object of said corporation was declared to be to afford gratuitous medical and surgical aid, advice, remedies and care to such invalid or needy persons as under the rules and by-laws of said corporation should be entitled to the same, and to construct such buildings and make such provisions as are necessary for the accomplishment of such object.

By the fourth section it was enacted that the property and effects of the said corporation held or used for the purposes contemplated by the act should not be subject to the imposition of any tax or assessment.

By a supplement to the act of incorporation, approved March 24th, 1875, the corporate name of the Camden Hospital was changed to the Cooper Hospital.

It is admitted in the state of the case agreed on that the Cooper Hospital is the owner in fee as part of its endowment and for the purposes of its incorporation of two parcels of real estate; viz., No. 321 Penn street and a lot at the northwest corner of Ninth street and Wright avenue. The taxes in question were assessed upon these lots and amounted to $453.20. It was also admitted that the Cooper Hospital is a purely charitable institution and furnishes gratuitous medical and surgical aid, support, care and maintenance to such invalid and needy persons as may apply to it for help and are admitted under its rules and regulations, and that all its properties, income and receipts are held and used for charity; that the property composing its endowment and held and used by

it for the purposes mentioned in the act of incorporation consists to a large extent of bonds, mortgages, securities and real estate, improved and unimproved, devised and bequeathed to it by the wills of Sarah W. Cooper, Elizabeth B. Cooper, John W. Wright and Abigail M. Wright; that the said real estate consists of improved property, from which the said hospital receives certain income, and unimproved property, from which it receives no income whatever, the same being to a large extent vacant lots in the city of Camden ; that the said properties do not lie contiguous to each other, but are in different parts of the city of Camden ; that the whole of said property is used and held for the charitable purposes mentioned in the charter of the corporation and for no other purpose ; that the income of the improved property and the bonds and securities of the hospital are used for its immediate purposes, and the unimproved property is held for sale, the proceeds from which will be invested and the income therefrom used for the charitable purposes of the hospital as soon as such investments can be accomplished ; that the property No. 321 Penn street is a lot of land and a dwelling-house erected thereon, which property was devised to said hospital by the will of Abigail M. Wright, and the property at the northwest corner of Ninth street and Wright avenue is unimproved property, from which the said hospital does not receive any income or return, and which property was devised to said hospital by the will of Elizabeth B. Cooper ; that the corporation is conducted as a public charity for the sick and indigent poor of the city of Camden and elsewhere, and among other things it maintains a school for the training and disciplining of nurses for taking care of sick and injured people, and that it receives no remuneration of any kind from said school.

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the prosecutor, *Voorhees & Reynolds.*

*Contra, Edwin G. C. Bleakly.*

The opinion of the court was delivered by

DEPUE, J. The property of this corporation was derived by gift for purely charitable purposes, and its affairs are conducted gratuitously and exclusively for benevolent objects. The corporation is a charitable institution in its management, object, aims and in the purposes for which its property was donated. The corporation took title and holds its property strictly within the powers conferred upon it by the legislature in its act of incorporation.

It is not necessary to express an opinion on the subject as to whether the prosecutor has an irrepealable contract on the subject of taxation within the decision of the Court of Errors in *Mount Pleasant Cemetery* v. *Newark,* 23 *Vroom* 539, 542. The case can be decided on other grounds, following the decision in the case of *Sisters of Charity* v. *Chatham,* 23 *Id.* 373. In that case the institution which was the prosecutor was a religious society incorporated under the name of "The Sisters of Charity of Saint Elizabeth," for the instruction and education of youth, the erection and maintenance of a hospital for the sick and destitute, and affording and rendering assistance to the poor and destitute. The act of incorporation, which was passed in 1873, conferred on it the power to receive by gift or devise and hold and purchase real and personal estate, but contained no provision exempting the corporation from taxation. *Pamph. L., p.* 1047. By an act passed March 16th, 1869, which was prior to the incorporation above mentioned, it was recited that whereas the religious society of women incorporated by the name of "The Sisters of Charity of Saint Elizabeth," hold certain real and personal property in this state, and may acquire other such property, which, in view of the benevolent purposes and objects of that society, ought to be exempted from taxation equally with property of other associations and corporations, religious and benevolent, in this state, which is now exempted from taxation, therefore it was enacted that the property, real and personal, of the said "The Sisters of Charity of Saint Elizabeth," in this state, shall be exempt from assessment and from taxa-

tion. *Id.* 1869, *p.* 413. The act of 1869 was passed before the incorporation of this society, and was a supplement to "An act concerning taxation," and conferred a special privilege on the society in the matter of taxation. The Supreme Court held that the act of 1869, being a special act exempting property from taxation, was abrogated by the constitutional amendment which directed that property should be assessed for taxes under general laws. *Sisters of Charity* v. *Chatham*, 22 *Vroom* 89. To this extent the opinion of the Supreme Court was affirmed in the Court of Errors. *Sisters of Charity* v. *Chatham*, 23 *Id.* 373. But the latter court in its opinion exempted the property from taxation by force of section 5 of the supplement of April 11th, 1866, to the General Tax act. *Rev., p.* 1151, § 64. The case showed that the corporation was the owner of about three hundred acres of land, only two-thirds of which were productive; that upon this tract was a building in which the corporators mentioned in the charter lived, part of such building being devoted to the uses of a school. The sources of their maintenance and their work were described as follows: "They train, discipline and furnish sisters for charitable purposes, which include the visitation of the sick, the care of hospitals, of orphanages, of poor-schools. For the purpose of ministering to the sick they train nurses; they train them for taking charge of orphans; for teachers, also. All that the farm produces is applied to the support of the institution. None of the products of the farm are ever sold. If anything remains after the necessities of the sisters are supplied, it must be applied, according to their rules, either to extend their establishments for the public good or appropriated to the relief of the poor." The institution which is the prosecutor in this case is engaged in charitable work as distinctively as were the sisters of charity, and its property and its income are likewise appropriated to charitable purposes. To adopt the language of Chief Justice Beasley as applicable to this case, "In the clear light of this description it does not seem possible to mistake the character of this institution. * * * It

seems plain that if under any conditions buildings and lands can fulfill the statutory requirement of being 'used exclusively for charitable purposes,' the property now in question must be able to do so. To tax this establishment is in fact to tax the sick and destitute. In our opinion, the statute is a preventative of a course of action so impolitic and deplorable."

The fifth section of the Tax law of 1866, under which the decision in the last-mentioned case was made, with slight alterations not material to this case, was embodied in the act of 1894, which was the law in relation to taxation at the time these taxes were laid. *Pamph. L.*, *p.* 354; *Gen. Stat.*, *p.* 3320, § 200. Following the decision of the Court of Errors in that case, the assessment of taxes against the prosecutor must be set aside, with costs.