THE COOPER HOSPITAL v. THE CITY OF CAMDEN.

Argued February 18, 1902—Decided June 9, 1902.

1. The property of the Cooper Hospital, used exclusively for the purposes of its incorporation, is exempt from assessment for special benefits derived from municipal improvements, by force of its charter. *Pamph. L.* 1875, *p.* 170.

2. Such exemptions were not abrogated by the constitutional amendment of 1875, which required taxes to be assessed under general laws,

3. The property of the Cooper Hospital, used exclusively for the purposes of its incorporation, is exempt from general taxes under the Tax act of May 16th, 1894 (*Gen. Stat., p.* 3320), following *Cooper Hospital* v. *Burdsall,* 34 *Vroom* 85.

On *certiorari* in matter of taxation.

Before Justices DIXON and COLLINS.

For the prosecutor, *John S. Voorhees.*

For the defendant, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

DIXON, J.   Six writs of *certiorari* under the foregoing title were allowed at the November Term, 1901, to bring up taxes levied in the years 1897 and 1898 on several parcels of real estate in the city of Camden, which are substantially, if not technically, owned by the Cooper Hospital and are held exclusively for the object for which the hospital was incorporated.

Another writ also was allowed to bring up an assessment levied on one of the parcels for the benefit derived from the construction of a sewer.

The object for which the prosecutor was incorporated, as declared in its charter (*Pamph. L.* 1875, *p.* 170), is purely charitable, and the fourth section of the charter declares that the property and effects of the corporation, held or used for the purposes contemplated by the act, shall not be subject to the imposition of any tax or assessment.

The prosecutor insists that the taxes and assessments brought up by these writs are illegal, and should be annulled.

The illegality of the sewer assessment seems indisputable, in view of the decisions in *Protestant Foster Home Society* v. *Newark,* 7 *Vroom* 478, and *Catholic Protectory* v. *Kearney,* 27 *Id.* 385.   The constitutional amendment adopted in Sep-

tember, 1875, requiring that property should be assessed for taxes under general laws, did not relate to such assessments for special benefits.

But that amendment did annul the exemption from ordinary taxation granted to the prosecutor by its special charter, and hence it must now find exemption therefrom in some general law.

According to the decision of this court in *Cooper Hospital v. Burdsall,* 34. *Vroom* 85, such an exemption is discoverable in the Tax act of May 16th, 1894. *Gen. Stat., p.* 3320. As the same law was in force when the present taxes were levied, we must, in pursuance of that decision, hold the taxes illegal.

Let judgment be entered setting aside all the taxes and the assessment brought up by these writs, with costs.