THE SISTERS OF CHARITY OF ST. ELIZABETH, PROSECUTOR, v. WILLIAM H. THOMPSON, COLLECTOR OF THE TOWNSHIP OF MORRIS.

---

THE SISTERS OF CHARITY OF ST. ELIZABETH, PROSECUTOR, v. FRED. A. CORY, COLLECTOR OF THE BOROUGH OF FLORHAM PARK.

Argued February 28, 1905—Decided June 12, 1905.

If the tract of land on which are erected the buildings of a corporation used exclusively for charitable purposes be devoted to the same charitable purposes, it is exempt from taxation by force of section 3, subdivision 4, of "An act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 375), as construed by the Court of Errors and Appeals in *Sisters of Charity* v. *Chatham*, 23 *Vroom* 373.

On *certiorari*.

Before Justices Dixon, Garrison and Swayze.

For the prosecutor, *Edward K. Mills, Alfred Mills* and *Robert H. McCarter.*

For the defendants, *John M. Mills* and *Charles A. Rathbun.*

The opinion of the court was delivered by

GARRISON, J.   The prosecutor is admittedly entitled to exemption from taxation upon such of its buildings as are used exclusively for charitable purposes.   The controverted question is as to the quantity of land to be included in such exemption.   The claim of the prosecutor is that the entire tract on which such buildings are erected should be exempted, whereas the defendants contend that such exemption is confined by the statute to a limited quantity of land surrounding or immediately subserving the enjoyment of such buildings. The statutory provision regulating this class of exemptions is found in the fourth subdivision of section 3 of "An act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 395), and is in these words:   "All buildings used exclusively for purposes considered charitable at the common law, with the land whereon the same are erected and which may be necessary for the fair enjoyment thereof."

The construction given to this language by this court in the case of *Congregation of St. Vincent de Paul* v. *Brakeley, Collector,* 38 *Vroom* 176 (the said clause then being the two hundredth section of the General Tax law), was that so much only of the land whereon a building used for charitable purposes was erected as may be necessary for the fair enjoyment of such building is exempted from taxation.   This construction led the court in that case to refuse to exempt a tract of two hundred and thirty-one acres on which was erected a mansion-house, farm-house, gate-house and lodge, the decision being that the prosecutor was entitled to exemption only for its mansion-house and a limited quantity of land surrounding it.   This case is strictly in point and would clearly rule the present case were it not for a contrary construction of the same statute declared by the Court of Errors and Appeals in *Sisters of Charity* v. *Chatham,* 23 *Vroom* 373. In that case the identical language of the present statute— then the second subdivision of section 5 of the supplement of April 11th, 1866, to the General Tax law (*Rev., p.* 1152, § 64)—was before the court of last resort upon the question

of the exemption of substantially the same tract of the present prosecutor's land. The Court of Errors and Appeals in that case, speaking through Chief Justice Beasley, held "that this section of the statute relating to taxation should be construed, not narrowly, by its letter, but liberally, and in view of its object and spirit," and the construction actually given to the language of the legislature, as applied to the facts then before the court, was that if the land of the prosecutor, some of which was productive and some unproductive, was exclusively devoted to the same charitable purposes to which the buildings erected thereon were applied, then the statute, properly construed, accorded to the entire tract so used the same exemption that was expressly accorded to such buildings. The practical result of this construction, as summarized in the headnote to the opinion of the court, was that "a corporation owning real estate, the products of which are exclusively expended in the training and furnishing of persons for charitable purposes, such as the visitation of the sick, the care of hospitals, of orphanages and poor schools, is exempted from taxation, by force of the fifth section of the supplement of April 11th, 1866, of the "Act concerning taxes." *Rev., p.* 1152.

There can be, therefore, no doubt as to the precise meaning placed by the court in that case upon the language of this statute, by which no force, apparently, is given and certainly no reference is made to the words "which may be necessary to the fair enjoyment thereof," hence the only question of fact considered in that case was whether the entire tract of land was devoted to the same charitable purposes to which the buildings erected thereon were applied, the construction placed upon the act rendering the determination of this question conclusive upon the prosecutor's right to exemption as to all of the land so used, part of which, as appears by the opinion itself, was unproductive.

Upon the question of the meaning of the statutory language then before the Court of Errors and Appeals, I think we are bound by its decision, regardless of our concurrence or non-concurrence in the soundness of the construction there reached.

It was a concrete decision pronounced by the court of last resort upon a question of law necessary to the determination of a cause then before the court. By such decision the court declared the legislative purpose expressed in the precise language that is now before us and made a practical application of such construction to a state of facts that is in this respect identical with that with which we are called upon to deal. In view of these considerations it cannot be that the question of statutory construction thus decided is an open one in this court, or that we are at liberty to reject it either by force of our own conclusions or in order to follow a decision of this court, which, though later in point of time, in no way refers to or differentiates the earlier decision of the higher court upon the same subject.

The case cited has been repeatedly referred to in opinions delivered in the court by which it was pronounced, but never, so far as I can find, with disapproval. I am unable to distinguish it from the case now before us; if it is to be disapproved or overruled, it must be by the court whose decision it is.

The cases of *Cooper Hospital* v. *Burdsall,* 34 *Vroom* 85; *Cooper Hospital* v. *Camden,* 39 *Id.* 208; *S. C., Id.* 691; *Children's Seashore Home* v. *Atlantic City, Id.* 385, were either cases in this court or cases in which the land sought to be exempted was detached from the tract on which the buildings devoted to charitable purposes were erected, and hence throw no new light upon the subject under consideration excepting to discredit the general doctrine that statutes granting exemptions should be liberally construed. Notwithstanding such general expressions the force of the earlier case, as a decision, is, I think, binding upon us.

Giving, therefore, to the statutory language before us the force and meaning that has been specifically placed upon it by the appellate court, the only question to be decided is whether the land that has been assessed against the prosecutor is exclusively devoted to the same charitable purposes to which the buildings erected thereon are devoted, as illustrated by such appellate decision. Of this there is in the testimony before us plenary proof.

Upon the authority, therefore, of *Sisters of Charity* v. *Chatham,* 23 *Vroom* 373, the assessments against the same prosecutor brought up by these writs of *certiorari* are set aside.