PATRICK MONAGHAN, plaintiff below, plaintiff in error, vs. THOMAS S. LEWIS, Receiver of Taxes for the Northern District of the City of Wilmington, defendant below, defendant in error.

*Title of Act—Constitutional Requirement—Not more than one Subject —Taxation of Real Estate—Uniformity—Vested Rights—Contract—Repeal by Implication—Constitutional Provision Self-Executing—Payment of Taxes under Protest— What is Involuntary Payment under Law.*

I.   The act entitled "An Act to Classify Real Estate for the purposes of Municipal Taxation, and to Exempt Certain Lands from Municipal Taxation within the City of Wilmington," approved May 20, 1898 (*Vol. 21, Laws of Delaware, Chap. 106*) is not unconstitutional and void. It does not conflict with Section 16 of Article 2 of the Constitution, which provides that "No bill or joint resolution, except bills appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in its title."

2. If all parts of an act relate directly or indirectly to the general subject of the act, it is not open to the objection of plurality. The Constitution does not require that the title should do more than state in general terms the subject of the act; it need not go into details or furnish an abstract, synopsis or index of the contents of the act. The question whether an act embraces more than one subject must be determined, not from the title, but from the body of the act, and if that embraces but one subject, the fact that the title expresses more than one does not render the act objectionable on the ground of plurality; the subject mentioned in the title and not contained in the body of the act being treated as surplusage.

3. It is not necessary that the title of an act should express the purpose to repeal another act (if it was an inconsistent act) or the purpose to repeal all inconsistent acts, as the repeal of inconsistent acts, by express words or by implication, is necessary, to render effective the general purpose of the act.

4. It was not necessary that the title of said act of 1898 should refer to the exemption of certain lands from taxation, but having done so, this does not conflict in any way with the said provision of the Constitution.

5. The exemption of real estate within certain bounds from taxation, at a rate exceeding one-fourth of the regular rate, given by the act of 1897, entitled "An Act Relating to Taxation in certain parts of the city of Wilmington (*Vol. 20, Laws of Delaware, Chap. 555*), was not a vested right, and was not founded upon contract, but was a pure gratuity which could be revoked by the Legislature at any time. This act was inconsistent with the said act of 1898, and was as such repealed by the latter act.

6. The said provision of the Constitution was self executing, and *proprio vigore* annulled the said act of 1897, which was inconsistent and in direct conflict with the said provision, inasmuch as it was a special and not a general law, and provided a mode of taxation which was not uniform upon the same class of subjects within the territorial limits of the authority levying the same.

6. The coercion or duress which will render a payment of taxes · involuntary, must, in general, consist of some actual or threatened exercise of power possessed, or believed to be possessed by the party exacting or receiving the payment, over the person or property of another, from which the latter has no other means, or reasonable means, of immediate relief, except by making payment. Unless these conditions exist, paying under protest will not, without statutory aid, give a right of recovery.

(*January 18, 1905.*)

NICHOLSON, CH., and SPRUANCE and BOYCE, J. J., sitting.

*Willard Saulsbury* and *Robert Penington* for plaintiff.

*Robert G. Harman* for defendant.

WRIT OF ERROR to the Superior Court for New Castle County.

Supreme Court, June Term, 1904.

SPRUANCE, J. :—This action was brought to recover money paid by the plaintiff to the defendant for taxes in excess, as the plaintiff claims, of the amount for which he was lawfully liable.

The case was heard by the Court below upon a case stated, and judgment was rendered against the plaintiff for costs of suit.

An act entitled "An Act Relating to Taxation in Certain Parts of the City of Wilmington," passed March 22, 1897 (*Vol. 20, Laws of Delaware, Chap. 555*), after reciting that "Whereas, All that portion of the City of Wilmington, bounded by Seventh Street on the South, Twelfth Street extended on the North, Woodlawn Avenue on the East, and Greenhill Avenue on the West, the same having but two dwelling houses erected thereon, and deriving no benefit from being within the limits of the said city, and will not derive any benefit for years to come"; provided as follows:

"SECTION 1. That the Mayor and Council of Wilmington shall by the City Council, after the assessment for taxes has been made in each year for city and school purposes of persons and estates in the above described plot of ground, levy and collect from the owners thereof both for city and school purposes in full for all taxes at a rate not exceeding one-fourth of the regular rate levied on persons and estates in the remaining parts of the said City.

" SECTION 2. That this Act shall take effect from the day of its passage and continue in force until the thirty-first day of December, 1907, and no longer."

An Act entitled " An Act to Classify Real Estate for the Purposes of Municipal Taxation, and to Exempt Certain Lands from Municipal Taxation within the City of Wilmington," approved May 20, 1898 (*Vol. 21, Laws of Delaware, Chap. 106*) provided as follows:

"SECTION 1. It shall be the duty of the Board of Assessment, Revision and Appeals, in the City of Wilmington, as at present constituted, immediately after annual assessment is made in each year for city and school purposes in said City, to classify the real estate so assessed in such manner as to discriminate between the rural or suburban, and built-up portions of said City ; and they are hereby required to certify to the Council of said City, on or before the first day of June in each year, the valuation of the built-up portions and the valuation of the rural or suburban property respectively ; and it shall be the duty of the Council in determining the rate of taxation for each year to levy a tax upon said rural or suburban property equal to one-half of the highest rate of tax required to be levied for said year ; so that upon the real estate assessed in said city there shall be two rates of taxation."

Sections 3, 4, 5 and 6 classified the marsh and meadow lands within the city limits, and exempted from municipal taxation certain classes entirely, and certain other classes for periods therein specified. Section 7 repealed all acts and parts of acts inconsistent with the provisions of said act.

Certain real estate of the plaintiff situate within the bounds mentioned in said act of 1897 was taxed for the year 1899 at one-half rate, and for the year 1900 at full rate under the provisions of Section 1 of said act of 1898.

The plaintiff claims that the said act of 1897 remains in full force, and that under its provisions the said real estate should have been taxed for the years 1899 and 1900 at a rate not exceeding one-fourth of the regular rate. Having paid to the defendant, under protest, the taxes levied and assessed as above stated, the plaintiff now seeks to recover the excess above the one-fourth rate.

The plaintiff contends that the said act of 1898 is unconstitutional and void because it does not conform to the requirements of Section 16 of Article 2 of the Constitution, which is as follows :

"No bill or joint resolution, except bills approriating money

for public purposes, shall embrace more than one subject, which shall be expressed in its title."

The special grounds of this contention are (1) that said act embraces more than one subject, (2) that more than one subject is expressed in its title, and (3) that its title does not express a purpose to repeal the said act of 1897.

The object of this important provision of the Constitution is to prevent the joining in one act of several incongruous matters, and to prevent deception by provisions of which the title gives no intimation.

While such construction should be given to this provision as will prevent the evils it was intended to remedy, it should not be so construed as to defeat or embarass legislation where there has been a substantial compliance with its requirements. Where it is possible, it should be so construed as to uphold rather than destroy legislation.

If all parts of an act relate directly or indirectly to the general subject of the act, it is not open to the objection of plurality.

*26 Am. & Eng. Ency. of Law, pp. 572, 574, 575 ; Ote County vs. Baldwin, 111 U. S., 1 ; Ackley vs. Hall, 113 U. S., 135 ; Hoboken vs. Penn. R. R. Co., 124 U. S., 656.*

The subject of the body of said act of 1898 is a single one, viz., the classification of real estate for the purposes of municipal taxation in the City of Wilmington.

If under the power given by Section 1, of Article 8 of the Constitution it was the purpose of the Legislature to exempt from municipal taxation any real estate within the city limits, such exemption would be a legitimate and necessary part of any act which should undertake to provide for a general classification of real estate for the purpose of taxation. The provisions of this act in relation to the exemption from taxation of certain classes of marsh and meadow lands are germane to the general subject of the act, and do not render the act invalid on the ground of plurality of subjects.

The Constitution does not require that the title should do more than state in general terms the subject of the act; it need not go into details or furnish an abstract, synopsis or index of the contents of the act.

*26 Am. & Eng. Ency. of Law, pp. 582, 584; Carter County vs. Sinton, 120 U. S., 517.*

The question whether an act embraces more than one subject must be determined, not from the title, but from the body of the act, and if that embraces but one subject, the fact that the title expresses more than one does not render the act objectionable on the ground of plurality; the subject mentioned in the title and not contained in the body of the act being treated as surplusage.

*26 Am. and Eng. Ency. of Law, 582.*

It was not necessary that the title of this act should refer to the exemptions of certain lands from taxation, but having done so, this does not conflict in any way with the said provision of the Constitution.

Nor was it necessary that the title of this act should express the purpose to repeal said act of 1897 (if it was an inconsistent act) or the purpose to repeal all inconsistent acts, as the repeal of inconsistent acts, by express words or by implication, was necessary to render effective the general purpose of the act, viz., the classification of real estate for the purpose of taxation.

The exemption of real estate within certain bounds from taxation at a rate exceeding one-fourth of the regular rate, given by the act of 1897, was not a vested right, and was not founded upon contract, but was a pure gratuity which could be revoked by the Legislature at any time.

*2 Beach on Contracts, Sec. 1656; Cooley on Const. Lims., 340.*

The act of 1898, in making a general classification of real estate for the purposes of taxation, fixed the rate of tax upon rural

or suburban property at double the rate allowed by the act of 1897 upon property of the same character.

It is impossible to .believe that the Legislature in passing said act of 1898 intended that thereafter property of the same character, situate in different parts of the city, should be taxable at different rates.

We are therefore of the opinion that the said act of 1897 was inconsistent with the said act of 1898, and was as such repealed by the latter act. .

Section 1 of Article 8 of the Constitution provided that "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

The said act of 1897 was passed prior to June 10th of that year, when the Constitution took effect.

In determining whether the Constitution repealed or made void an act passed before the Constitution became operative, the Court in *Sayers vs. R. R. Co., 3 Pennewill 249*, applied the proper test, viz., that if an act passed prior to the time the Constitution took effect would be invalid if passed after that time, then such prior act would be rendered invalid by the Constitution.

The said act of 1897 would have been clearly unconstitutional if passed after the Constitution took effect, as it was a special and not a general law, and provided a mode of taxation which was not uniform upon the same class of subjects within the territorial limits of the authority levying the same.

It cannot be objected that the annulling of said act of 1897 by operation of the Constitution, would have left the territory covered by said act without provision for taxation, as there was then in force a general law providing for the taxation of real estate in the City of Wilmington. (*City Charter, Sec. 80.*)

The said provision of the Constitution was self-executing, and *proprio vigore* annulled the said act of 1897, which was inconsistent and in direct conflict with the said provision.

*North Ward vs. City of Newark, 39 N. J. L., 380 ; Rankin vs. Love, 46 N. J. L., 132 ; Sisters of St. Elizabeth vs. Chatham, 51 N.J.L., 89 ; People vs. Supervisors West Chester, 12 Barbour, 446.*

It appears from the case stated that the plaintiff, at the time of his payment of said taxes, made verbal objections to the payment of the same, and that the defendant, at that time, endorsed on the bill for said taxes and signed the following memorandum :

"The amount paid in settlement of this bill of taxes was paid to me by said taxable under protest as being illegally exacted and with the avowed intention of suing for its recovery."

It does not, however, appear that the plaintiff was sued, or that his property was distrained for said taxes, or that such suit or distraint was threatened, or that compulsion of any kind was used or threatened to enforce such payment.

"The coercion or duress which will render a payment of taxes involuntary, must, in general, consist of some actual or threatened exercise of power possessed, or believed to be possessed by the party exacting or receiving the payment, over the person or property of another, from which the latter has no other means, or reasonable means, of immediate relief except by making payment."

*2 Dillon Munic. Corps., Sec. 943.*

"The payment by the plaintiff must have been made upon compulsion, as for example to prevent the immediate seizure of his goods, or the arrest of the person, and not voluntarily. Unless these conditions concur, paying under protest will not without statutory aid, give a right of recovery."

*2 Dillon Munic. Corps., Sec. 940.*

In *Wilmington vs. Wicks, 2 Marvel, 297,* it was held, that money paid under protest for a city license under an ordinance subsequently declared invalid, was a voluntary payment, and could not be recovered back.

Upon the facts before us we are of the opinion that this was a case of voluntary payment, and not of involuntary payment in contemplation of the law, and therefore that the plaintiff is not entitled to recover back the money so paid.

For these reasons the judgment below is affirmed.