## STATE vs. AUGUSTUS FERSCHKE.

1. PARTNERSHIP—REGISTRATION OF MEMBERS—CONSTITUTIONALITY.
    The act providing for the registration of persons composing partnerships and associations is not an unreasonable exercise of the police power.
2. PARTNERSHIP—REGISTRATION OF MEMBERS—STATUTORY PROVISIONS—
    CONSTITUTIONALITY.
    The act providing for registration of persons composing partnerships and.

associations does not violate the rights guaranteed under the Constitution respecting private property.

3. STATUTES—PARTIAL INVALIDITY—TITLE—SUFFICIENCY.

Under *Const. art.* 2, § 16, providing that bills generally shall not embrace more than one subject, to be expressed in the title, the act entitled "An act providing for the registration of persons composing partnerships and associations" (25 *Del. Laws, c.* 146) is unconstitutional, so far as it relates to the registration of individuals who are not members of partnerships or associations.

4. CONSTITUTIONAL LAW—CONSTRUCTION—VALIDITY.

All reasonable doubts and presumptions are to be solved in favor of the validity of a statute.

(*September* 28, 1911.)

PENNEWILL, C. J., and WOOLLEY, J., sitting.

*Josiah O. Wolcott*, Deputy Attorney General, for the state.
*Leonard E. Wales* for the defendant.

Court of General Sessions, New Castle County, September Term, 1911.

MOTION TO QUASH INDICTMENT (No. 61, September Term, 1911). Augustus Ferschke was indicted for violating an act for the registration of persons composing partnerships, etc. The indictment was quashed, the court holding that the act is in contravention of *Section* 16, *Art.* 2 of the *Constitution* of the state. The facts and the questions presented appear in the opinion of the court.

PENNEWILL, C. J., delivering the opinion of the court:

A motion has been made by the defendant in the above-stated case that the indictment be quashed for the following reasons, viz.:

"For that the act [25 *Del. Laws, c.* 146] under which said indictment has been found is unconstitutional.

"*First.* Because said act is in contravention of *Section* 16, *Art.* 2, of the *Constitution* of this state.

"*Second.* Because said act is an unreasonable and unwarranted exercise of the police power.

"*Third.* Because said act is in violation of the rights guaranteed under the Constitution with respect to private property."

The court, after carefully considering the questions raised and argued, have reached the following conclusions:

[1] *First.* That the said act is not an unreasonable and unwarranted exercise of the police power.

[2] *Second.* That the said act is not in violation of the rights guaranteed under the Constitution of the state with respect to private property.

The court, therefore, hold that the act in question is not unconstitutional on either of the last two grounds urged by the defendant.

[3] *Third.* But the court are of the opinion that the said act is in contravention of *Section* 16, *Article* 2, of the *Constitution* of the state, which provides that: "No bill or joint resolution, except bills appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in the title."

The title of the act is as follows: "An act providing for the registration of persons composing partnerships and associations."

*Section* 1 of the act provides: "That on and after the first day of July, A. D. 1909, no person, firm or association shall engage in, prosecute or transact any business within the limits of this state by using any trade name or title which does not disclose the Christian and surname of such person, or in case of a firm or association, the Christian and surname of each and every person comprising said firm or association without, in addition to what is now required by the laws of this state, first filing a certificate under the hand of such person, or in case of a firm or association under the hand of one of the members of such firm or association in the office of the prothonotary of each county in which it is prosecuting or transacting such business, designating the trade name or title and Christian and surname of such person, or, in case of a firm or association, the Christian and surname of each and every member comprising such firm or association, and all such certificates shall show the date when such partnership or association was organized, to which said certificate there shall be attached the affidavit of the person signing it to the effect that the facts therein stated are true and correct."

The title of the act is a very restrictive one. It clearly indicates that the subject of the act is the registration of persons com-

prising partnerships and associations, and by necessary implication excludes, or excepts, all other persons.

Unquestionably the principal object of said constitutional provision is that the title of an act, when published, shall be sufficiently comprehensive to give to the people, as well as the members of the Legislature, fair and reasonable notice of the subject-matter of the legislation proposed.

Certainly no one would be fairly apprised, nor could he reasonably infer, from the title of the act in question, legislation that required the registration of a person transacting business as an individual. But the act is broad enough in its scope to include such person as well as persons comprising partnerships and associations. While the subject of the act is the registration of all persons engaged or transacting business in the state, the title restricts such registration to certain classes of persons, and does not, therefore, express the subject of the act as required by the constitutional provision.

We are unable to distinguish this case, in principle, from that of *Equitable Guarantee and Trust Co. v. Donahoe*, 3 *Penn.* 191, 49 *Atl.* 372, and the case of *Hyman v. State*, 87 *Tenn.* 109, 9 *S. W.* 372, 1 *L. R. A.* 497, upon which the court so much relied in the *Donahoe case.*

We fully agree with the reasoning of the court in the Tennessee case, and think the following language is especially applicable to the question before us:

"We are not at all disposed to construe said constitutional provision strictly. On the contrary, it should be given a liberal construction, so as not to embarrass legislation by a construction unnecessary to accomplish the beneficial purposes for which it was adopted. Yet the Legislature may make the title to an act as restrictive as they please. It is obvious that they may sometimes so form it, as to preclude many matters being included in the act, which might with entire propriety have been embraced in the enactment with the matter indicated in the title, but which must not be extended because the bill has been made unnecessarily restrictive. The court cannot enlarge the scope of the title; they are vested with no dispensing power. The Constitution has

made the title the conclusive index to the legislative intent, as to what shall have operation. It is no answer to say that the title might have been made more comprehensive if in fact the Legislature has not seen fit to make it so."

In order that the act in question might be entirely valid the title should have been comprehensive enough to have included individuals as well as persons comprising partnerships and associations.

But while we think that under a liberal construction of our constitutional provision it is manifest that the subject of registration of individuals is not within the title of the act in question, which is confined to the registration of persons comprising partnerships and associations, we are nevertheless of the opinion that said act is not wholly unconstitutional, but only so far as it relates to the registration of individuals who are not members of firms or associations

It will not be questioned that the same act of legislation may be unconstitutional in some of its provisions and yet constitutional in others, provided the parts so held respectively constitutional and unconstitutional are wholly independent of each other and not so mutually connected with, and dependent on, each other as to warrant a belief that the Legislature intended them as a whole, and that, if all could not be carried into effect the Legislature would not pass the residue independently.

The test of the law is conceded to be this: "If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the legislative intent, wholly independent of that which was rejected, it must be sustained." *Cooley on Const. Law* (*6th Ed.*) 211.

[4] Judged by such test the act before us must be declared constitutional in so far as it requires the registration of persons comprising partnerships and associations, and unconstitutional and void so far as it relates to the registration of other persons. We are clearly of the opinion that that part of the statute which relates to the registration of persons comprising partnerships and associations is complete in itself and capable of being executed in

accordance with the legislative intent, wholly independent of that which we hold to be invalid.  But even if we were in doubt upon that question, there is a well established and recognized rule, applicable alike to the whole or a part of a statute, though stronger in favor of the former than the latter, that all reasonable doubts and presumptions are to be solved in favor of the validity of a statute.

Our construction of the statute is entirely consistent with the decision in the *Donahoe case*, above referred to, wherein the court recognized the principle, that an act might be unconstitutional as to one part and constitutional as to others, but were forced to hold that the different parts or provisions of the statute in that case were so dependent one upon the other as to be incapable of separation.

We direct that the indictment be quashed.