DISCOUNT AND CREDIT CORPORATION, a corporation of the State of Delaware, plaintiff below, *v.* JACOB C. EHRLICH, defendant below.

(*October* 20, 1936.)

SPEAKMAN, J., sitting.

*John B. Jester* for defendant below.

*Howard E. Lynch,* Jr., for plaintiff below.

Superior Court for Kent County, No. 37, April Term, 1936.

SPEAKMAN, J., delivering the opinion of the Court:

Subsequent to the argument by counsel on the exceptions, this Court advised counsel that it desired to hear them on a question which had not been considered at the

time of the argument, namely: Whether *Section* 1 of the *Amendatory Act* (40 *Del. Laws, c.* 234) by which *Section* 8 of the *Act of* 1931 (37 *Del. Laws, c.* 262) was amended, was or was not constitutionally passed in view of *Section* 16 of *Article* 2 of the *Constitution of* 1897, which provides as follows:

"*Section* 16. No bill or joint resolution, except bills appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in its title."

Thereafter, argument on the question referred to was submitted to the Court, by counsel, on briefs. The plaintiff below in his brief insists that the question submitted by this Court is an allegation of error pointed out for the first time; that it was not set forth specifically and with certainty in the exceptions, nor was the allegation of error contended for in the argument before the Court, nor in the original brief filed by the defendant below.

█ In support of his contention he states: "It is a general rule, universally followed by the Courts, that each Court can consider only errors raised by specific objections pointed out in the assignment of error." Citing 11 *C. J.* 194; *Woolley on Delaware Practice,* 918; *Deputy v. Betts,* 4 *Harr.* 352; *Tinley v. Todd,* 2 *Harr.* 290; *Cunningham v. Dixon,* 1 *Marv.* 163, 41 *A.* 519.

The rule of law as stated is followed in this State. However, it has no application to the plaintiff's contention, which is untenable.

█ The question submitted has been specifically and with certainty raised by the third exception, and is to be determined by the Court in accordance with the law as the Court understands it, and in so determining the Court cannot be restricted by the reasons assigned by the plaintiff below.

The second and third exceptions can be considered together. The question raised by them is whether or not the said Court of Common Pleas had jurisdiction on December 20, 1935, to issue original process directed to the Sheriff of New Castle County for service by him in his county.

*Section* 1 of *Article* 4 of the *Constitution of* 1897 of this State, provides as follows:

"The judicial power of this State shall be vested in a Supreme Court, a Superior Court, a Court of Chancery, an Orphans' Court, a Court of Oyer and Terminer, a Court of General Sessions, a Register's Court, Justices of the Peace and such other courts as the General Assembly, with the concurrence of two-thirds of all the members elected to each House, shall from time to time by law establish."

*Section* 30 of said *Article* 4 of said *Constitution* provides, in part, as follows:

"The General Assembly may by law give to any inferior courts by it established or to be established, or to one or more justices of the peace, jurisdiction of the criminal matters following, that is to say ⁕ ⁕ ⁕ and such other misdemeanors as the General Assembly may from time to time, with the concurrence of two-thirds of all the members elected to each House prescribe."

*Section* 32 of said *Article* 4 of said *Constittuion* provides, in part, as follows:

"Justices of the Peace and the judges of such courts as the General Assembly may establish pursuant to the provisions of *Section* 1 or *Section* 30 of this *Article* shall be appointed by the Governor."

Under the authority contained in the *Constitution,* the Court of Common Pleas for Kent County was created by the General Assembly of this State, by the passage of an Act entitled *"An Act creating a Court of Common Pleas for Kent County,"* being *Chapter* 262, *Volume* 37, *Laws of Delaware.* Said *Act* was approved May 13, 1931.

*Section* 8 of said *Act* provides, in part, as follows:

"The writs, rules and processes of said Court of Common Pleas shall be served and executed by any Constable for Kent County now authorized by law to serve general process."

*Section* 11 of said *Act* provides, in part, as follows:

"The said Court shall have concurrent jurisdiction in Kent County with the Superior Court in all civil actions at law, arising *ex contractu* or *ex delicto,* where the value of the matter or thing in controversy, exclusive of interest, shall not exceed the sum of One thousand Dollars ($1,000.00)."

*Section* 12 of said *Act* provides, in part, as follows:

"The said Court of Common Pleas for Kent County shall also have and may exercise the same jurisdiction and powers in all civil actions as is now or may hereafter be vested in Justices of the Peace for Kent County."

*Section* 17 of said *Act* provides, in part, as follows:

"The Court of Common Pleas for Kent County shall have and may exercise jurisdiction of all those criminal matters and offenses enumerated in the 30*th Section* of the 4*th Article* of the *Constitution of the State of Delaware,* and committed within Kent County. * * * The Court of Common Pleas for Kent County shall also have concurrent jurisdiction to hear, try and determine the following offenses, when committed within Kent County. * * *The Court of Common Pleas for Kent County shall also have and may exercise the same jurisdiction and powers in criminal matters as is now or may hereafter be vested in Justices of the Peace for Kent County; provided, however * * *."

Subsequently, the General Assembly passed an Act entitled *"An Act to Amend Chapter* 262, *Volume* 37, *Laws of Delaware, entitled 'An Act Creating a Court of Common Pleas for Kent County,'"* being *Chapter* 234, *Volume* 40, *Laws of Delaware.* Said Amendatory Act was approved April 12, 1935. Nothing is contained in the Amendatory Act which has any pertinency to the consideration of the present case, except *Section* 1 thereof, by which *Section* 8 of the original Act was repealed, and a new section was adopted in lieu thereof. By such amendment, that portion of *Section* 8 of the *Act of* 1931 above quoted, was changed so as to read as follows:

"*Section* 8. The writs, rules and processes of said Court of Common Pleas shall be served and executed by any Constable for

Kent County and/or any County or State officer, in any County in Delaware, now authorized by law to serve general process."

The only change made in said *Section* 8 by the Amendment was the inclusion therein of the words "and/or any County or State officer, in any County of Delaware."

█ It is clearly apparent from the respective provisions of the *Act of* 1931, that the General Assembly intended to restrict the territorial limits of the said Court of Common Pleas to Kent County. Nothing can be found in the said *Act* which would indicate otherwise. By reason of such restriction it was not permissible for it on December 20, 1935, to issue original process to be served outside of its territorial limits (50 *C. J.* 450, *Tit. Process, Section* 26) unless *Section* 1 of the *Amendatory* Act is constitutional.

█ "Except where there are constitutional provisions which prohibit the amendment or a revision of a law by reference to its title only, the general rule is that when an Act is amendatory or supplemental to a former Act, if the subject of the original Act is sufficiently expressed in its title, and the provisions of the amendatory or supplemental Act are germane to that subject, it is sufficient that the title of the amendatory or supplemental Act contains a specific reference to the original Act by its title, and declares the Act to be an amendment or supplement to the original Act." 25 *R. C. L.* 869. "It of course follows that provisions of the Amendatory Act not germane to the subject expressed in the title of the original Act, are unconstitutional and void." *Lewis Southerland Statutory Construction,* § 137. By applying this rule the question arises: Would *Section* 8 have been constitutional if it had been included in its amended form in the original *Act?*

██ "Where there is a constitutional requirement that no Act shall embrace more than one subject, and that

it be expressed in the title, the title cannot be enlarged by construction when too narrow to cover all the provisions in the enacting part, nor can the purview be constructed to fit the title, but the title, if not delusively general, may be sufficient, though more extensive than the purview." *Lewis Southerland, supra,* § 120. "A title so general as practically to conceal the subject of the statute, or a false or delusive title will be treated as not constitutionally framed, and the Act held void." *Lewis Southerland, supra,* § 123. Citing *People v. Allen,* 42 *N. Y.* 404; *Appeal of Union P. R. Co.,* 81* *Pa.* 91; *West Philadelphia P. R. Co. v. Union P. R. Co.,* 9 *Phila.* (*Pa.*) 495.

In the recent case of *In re Cypress Farms Ditch,* 7 *W. W. Harr.* (37 *Del.*) 71, 180 *A.* 536, 537, there is a full review of those cases in this State in which our courts have considered the provision in question. In that case it is stated: "And our own Courts also have said that the principal object of the provision is that the title of an act, when published, shall be sufficiently comprehensive to give to the people, as well as the members of the legislature, fair and reasonable notice of the subject matter of the legislation proposed," *State v. Ferschke,* 2 *Boyce* (25 *Del.*) 477, 81 *A.* 401, "and to prevent deception by provisions of which the title gives no intimation," *Monaghan v. Lewis,* 5 *Penn.* (21 *Del.*) 218, 59 *A.* 948, 10 *Ann. Cas.* 1048. The title of an Act "need not go into details nor furnish an abstract synopsis, or index of the act," *State v. Grier,* 4 *Boyce* (27 *Del.*) 322, 88 *A.* 579, "but it must at least give a reasonable intimation of the subject dealt with, and the Courts do not hesitate to declare void an Act whose title is misleading, in that it does not express the real subject of the Act, so as to put the Legislature and those persons who are affected, on inquiry as to its contents." 26 *A. & E.* 580; 1 *Cooley, supra,* 300.

The Court of Common Pleas for Kent County, as

created by the *Act of* 1931, can be properly referred to as a local court. This is so by reason of its name, as expressed in both the title and the body of the *Act;* by the provision restricting its jurisdiction in both civil and criminal matters to Kent County; by reason of the provision restricting the issuance and service of its process to Kent County, and by reason of the absence of anything in the Act from which any inference could be drawn that its territorial jurisdiction extended beyond the borders of Kent County. The Court was known and universally recognized by the people of the State as a local court for Kent County, from the time of its creation until at least four years thereafter.

There is nothing in the title of the *Amendatory Act* which would have given to the citizens of this State, and particularly those residing in New Castle and Sussex Counties, including the members of the Legislature, following its introduction as a bill in the General Assembly, and prior to its passage, fair and reasonable intimation of the subject dealt with in *Section* 1 of the *Act.* The citizens of New Castle and Sussex Counties could not have been reasonably expected to analyze the provisions of the bill, for the purpose of ascertaining whether there was anything in the bill by which either their personal or property rights might be affected in the event of its passage. There was nothing in the title which would have signified to them, or to any other person, by any process of deduction, that the said Court of Common Pleas would not in the event of the passage of the bill, continue to be, as theretofore, a court with a territorial jurisdiction, limited to Kent County.

If the words "Court of Common Pleas for Kent County" are to be given a restricted meaning, namely, a Court with a jurisdiction limited to Kent County, in accordance with the contention of the defendant below, the result would be that the provisions of *Section* 1 of the *Amendatory Act*

amending *Section* 8 of the *Act of* 1931, would be broader than the title of the *Amendatory Act.* If,·on the other hand, the words "Court of Common Pleas for Kent County," as contained in the title of the *Amendatory Act* should be given a broader meaning, in accordance with the contention of the plaintiff below, the title of the *Amendatory Act* would be a false and delusive title, and would not fairly express the real subject contained in the *First Section* of the *Amendatory Act.*

"It will not be questioned that the same act of legislation may be unconstitutional in some of its provisions and yet constitutional in others, provided the parts so held respectively constitutional and unconstitutional are wholly independent of each other, and not so mutually connected with, and dependent on, each other as to warrant a belief that the Legislature intended them as a whole, and that, if all could not be carried into effect the Legislature would not pass the residue independently.

"The test of the law is conceded to be this: 'If when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the legislative intent, wholly independent of that which was rejected, it must be sustained.' *Cooley on Const. Law* (6th Ed.) 211;" *State v. Ferschke, supra,* 2 *Boyce* (25 *Del.*) 477, 81 *A.* 401, 402.

The Court is of the opinion that that portion of *Section* 1 of the *Amendatory Act·*which relates to the service of process outside of the borders of Kent County, namely, the words, "in any county in Delaware," is unconstitutional and void, and that part of the *Section* which relates to the service of process within the borders of Kent County is complete in itself, and capable of being executed in accordance with the legislative intent, wholly independent of that which is invalid.

For the reasons herein stated, the second and third exceptions are sustained.

Having arrived at this conclusion, it is not necessary to consider the remaining exceptions.

The judgment below is reversed.