JAMES R. BAXTER, Defendant Below, *v.* THE STATE OF DELAWARE.

224

(*March* 8, 1938.)

LAYTON, C. J., RODNEY and SPEAKMAN, J. J., sitting.

*Francis A. Reardon* for Defendant Below.

*P. Warren Green,* Attorney-General, for the State.

Superior Court for New Castle County, Certiorari, No. 218, September Term, 1937.

RODNEY, J., delivering the opinion of the Court:

The first exception involves the question as to whether the quoted act is unconstitutional as being violative of the Constitutional provision, "No bill * * * shall embrace more than one subject, which shall be expressed in its title." *Article* 2, § 16.

It needs no additional language by this Court to support the well established doctrine that no Court ought to nullify an act of the Legislature except in a very clear case and upon weighty consideration. Every legislative enactment is presumed to be constitutional, and if there is doubt the will of the Legislature should be sustained. Many Delaware cases have embodied this principle and among the latest are *In re Cypress Farms Ditch*, 7 *W. W. Harr.* (37 *Del.*) 71, 180 *A.* 536, and *Discount and Credit Corporation v. Ehrlich*, 7 *W. W. Harr.* (37 *Del.*) 561, 187 *A.* 591.

Counsel for the defendant below argues that the act under consideration (*Laws of Delaware, Vol.* 41, *page* 714) being amendatory and supplemental in character, may refer to an original Act by title only and be constitutional. He thus seeks to sustain the act, which is entitled, "An Act to Amend *Chapter* 169 of the *Revised Code of Delaware,* 1935, in reference to the Court of Common Pleas for New Castle County."

With this argument we are in accord. It was so held in *Wilmington Trust Company v. Highfield,* 4 *W. W. Harr.* (34*Del.*) 394, at *page* 403, 153 *A.* 864, 869, where it is said:

"Where such a method of title-phrasing is employed, however, the authorities seem to be without dissent to the effect that the body of the act must be germane to the subject contained in the legislation to which the title of the amending act refers."

It therefore becomes material to examine the body of the new act in its relation to the act it purports to supplement and to determine whether the provisions of the new act are germane to the old.

The body of the new act consists of but one section. It relates solely and exclusively to a new duty cast upon both the Justice of the Peace and the officer making an arrest in a criminal case, and concerns nothing else at all. It makes it a duty of the Justice and the officer to give some information or advice to an accused person, and that is the sole purpose and extent of the section. The section does not concern any duty theretofore resting upon the Court of Common Pleas, nor cast any additional duty upon that Court, and yet the title refers only to and amends the statute with reference to the Court of Common Pleas.

The section concerns solely the duty of a Justice of the Peace and the officer making the arrest, and yet there is not the slightest suggestion in the title of the act that the provisions of the act have any reference at all to either of the two.

██ The old act, chapter 169, section 5807 et seq., Revised Code 1935, created the Court of Common Pleas for New Castle County and related exclusively to its jurisdiction, duties, procedure and matters incidental to its operation. The new act concerns none of these things at all but its sole purpose was to impose a new duty on a Justice of the Peace and the officer making the arrest and to affect the jurisdiction of the Justice. There is nothing in the latter act which is at all germane to the former. The first exception must be denied.

2. The second exception must also be denied. Every expression that has been used with reference to the first exception is more strongly applicable to the second. In the former act there is, at least, a mention of the office of Justice

of the Peace. In it there is no reference or mention of any kind of an officer making an arrest. The new act, seeking to amend the act concerning the Court of Common Pleas merely by its chapter number, makes the jurisdiction of a Justice of the Peace depend upon the fact that a third person, the officer making the arrest, had given the defendant certain information. There is in the latter act nothing whatever that is germane to the subject matter of the former act with reference to the officer making the arrest. The denial of this exception seems too clear for argument.

Our courts, in considering the constitutional provision requiring that the subject of a bill must be expressed in its title, have repeatedly said:

"It may be assumed as settled that the purpose of these provisions was:

"First, to prevent hodgepodge or log-rolling legislation;

"Second, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation, and which might, therefore, be overlooked, and carelessly and unintentionally adopted;

"Third, to fairly apprise the people through such publication of legislative proceedings as is usually made of the subjects of legislation that are being considered, in order that they may have an opportunity of being heard thereon by petition or otherwise, if they shall so desire." *Equitable Guarantee & Trust Co. v. Donahue*, 3 *Penn.* (19 *Del.*) 191, 49 *A.* 372, 373; *Wilmington Trust Co. v. Highfield*, 4 *W. W. Harr.* (34 *Del.*) 394, 399, 153 *A.* 864.

There is nothing in the title now considered that would have any tendency to show to any member of the Legislature that the bill purported to concern anything other than the Court of Common Pleas; there is nothing in the title that would fairly apprise any interested person in the State that the jurisdiction of every Justice of the Peace in New Castle County would be defeated by his failure to give a certain notice to a defendant, or that such jurisdiction would be defeated by the failure to give such notice by the officer making the arrest.

230

■ The third exception involves a consideration of an entirely separate and distinct statute from the one heretofore mentioned, and requires a construction of *Chapter* 208, *Vol.* 41, *Laws of Delaware.* This statute provides:

"It shall be the duty of all Justices of the Peace in this State, after passing judgment in all civil and criminal cases, to immediately advise the party litigants in civil cases and defendants in criminal cases of their right to take an appeal from the decision of the Justice of the Peace and to inform all party litigants and defendants of the time and manner in which the appeal must be taken. The records of the Justice of the Peace shall contain an entry indicating the information given by the Justice of the Peace."

It is quite apparent that the duty of the Justice of the Peace as set out in the quoted act is a matter quite separate and apart from his jurisdiction to hear and determine the case. The duty to give information as to the time and manner of appeal does not arise until after the Justice has entertained jurisdiction but, by the terms of the act this duty to give information is required of the Justice "after passing judgment in all civil and criminal cases." The duty is imposed upon the Justice but it is expressly not made jurisdictional.

Because the failure of the Justice to enter the information as to the appeal upon the docket entry of the case does not affect his jurisdiction to hear and determine the case, the third exception to the record of the judgment must be denied.

■ While we have herein held that the failure of the Justice of the Peace to give information to the defendant as to the right of appeal is not jurisdictional, and that the failure of the docket of the Justice to show any entry of such information does not render the judgment defective on certiorari proceedings, yet it by no means follows that the duty of the Justice to give such information does not exist. The statute is clear and mandatory. The failure on the part of the Justice to comply with its provisions

would constitute an omission of duty which may be considered in other appropriate proceedings.