NOAH MORRIS, Defendant Below, v. THE STATE OF DELAWARE.

(*June* 19, 1946.)

PEARSON, J., sitting.

*Max Terry* for Defendant Below.

*Henry J. Ridgely,* Deputy Attorney-General, for the State.

Superior Court for Kent County.

Certiorari, No. 23, October Term, 1945, to a Justice of the Peace for Kent County.

PEARSON, J.:

The exceptions to the record of the Justice of the Peace were argued and will be considered in two groups, as two primary reasons why the judgment should be reversed. By the first three exceptions, defendant asserts that it does not appear from the record that the Justice "had jurisdiction to try and determine said case"; or that the Justice "advised the Defendant of his right to elect to be tried by the Court of Common Pleas 'for Kent County"; or "that the officer making the arrest in the above cause advised the Defendant of his right to be tried by the Court of Common Pleas for Kent County."

These exceptions are based upon the following provisions of Rev. Code of Del. (1935), Sec. 5839, which section relates to the jurisdiction of the Court of Common Pleas for Kent County:

"The Court shall also have and may exercise the same jurisdiction and powers in criminal matters as is now or may hereafter be vested in Justices of the Peace for Kent County; provided, however, that the accused, in all cases where the Justice of the Peace now has jurisdiction and power to hear and finally determine the matter, shall have the right to elect to have the case tried by the Court of Common Pleas for Kent County, and it shall be the duty of every Justice of the Peace for Kent County, and the officer making the arrest to advise such accused of his right to so elect, and every officer making the arrest and every Justice of the Peace for Kent County is hereby required to so advise the accused before the said Justice of the Peace shall have jurisdiction and power to try the case."

Similar provisions in a statute relating to the Court of Common Pleas for New Castle County were considered in *Baxter v. State,* 9 *W.W.Harr.* 223, 197 *A.* 678, where it was urged that the record did not disclose that a Justice of the Peace for New Castle County, and the officer making an arrest, had advised the defendant of his right to elect to be tried by the Court of Common Pleas for New Castle County. There it was held that the statute was violative of the Constitutional provision, "no bill * * * shall embrace more than one subject, which shall be expressed in its title" (*Del. Const., Art.* 2, *Sec.* 16), for reason that:

"There is nothing in the title now considered that would have any tendency to show to any member of the Legislature that the bill purported to concern anything other than the Court of Common Pleas; there is nothing in the title that would fairly apprise any interested person in the State that the jurisdiction of every Justice of the Peace in New Castle County would be defeated by his failure to give a certain notice to a defendant, or that such jurisdiction would

be defeated by the failure to give such notice by the officer making the arrest." 9 *W.W.Harr.* 229, 197 *A.* 681.

The language of the act there concerned is substantially similar to that relied on here, except that the court and justices designated are of a different county.

The title of the act containing the provision relied on by the Defendant reads:

"An Act Creating a Court of Common Pleas for Kent County." 37 *Laws of Del., Chap.* 262, p. 835.

■ It is plain that what was said about the title of the act in the Baxter case is, in principle, applicable to the title of the act involved here. Consequently, it seems to me, the rule of the Baxter case should be followed, and the present act declared unconstitutional insofar as it purports to prescribe, as conditions of the jurisdiction of a Justice of the Peace for Kent County, that such a Justice, and the officer making an arrest, must advise an accused that the latter has a right to elect to have the case tried by the Court of Common Pleas for Kent County.

Taking up now the fourth and fifth exceptions, these read thus:

"4. That the Justice failed to set out upon the record that a full hearing was heard before him and that testimony was heard by him and upon that testimony the verdict was rendered and the sentence was imposed by the Court.

"5. The record does not show that the Justice heard the case and the proofs of the parties and that his verdict and sentence was rendered on its hearing."

The record of the Justice included this notation:

> "Deft arraigned
> Pleads Guilty
> Fine
> 100.00"

██ No authorities are cited for the proposition that testimony must be taken in a criminal trial where a defendant is arraigned and pleads guilty. In the absence of authority or of some showing of an established practice of taking testimony in such a situation, these exceptions seem of no merit.

All of the exceptions must be overruled.