CLARKE EDWIN NEY, Defendant Below v. THE STATE OF DELAWARE, Plaintiff Below.

2

(*August* 9, 1947.)

SPEAKMAN, J., sitting.

*Howard E. Lynch* for the Defendant Below.

*Henry J. Ridgely,* Deputy Attorney-General, for the State.

Superior Court for Kent County, Certiorari, No. 11, July Term, 1947.

SPEAKMAN, Judge:

It is the contention of the defendant below that the entry in the record of the Justice that, "Defendant was

informed of his rights to elect to be tried before Court of Common Pleas in and for Kent County, Delaware or me. Defendant elected to be tried in this court, May 3rd, 1947," does not show a compliance with the Act, which requires that both the Justice and the officer making the arrest advise the accused of his right to elect to have his case tried by the Court of Common Pleas for Kent County before the Justice shall have jurisdiction and power to try the case.

Identical language in an earlier statute (Chap. 262, Vol. 37) was considered by this Court in the case of *Morris v. State*, 4 *Terry* 404, 47 *A.* 2d 869. There the statue was held to be unconstitutional as being violative of the Constitutional provision that "No bill * * * shall embrace more than one subject, which shall be expressed in its title." *Const. Art.* 2, § 16. See also *Baxter v. State*, 9 *W. W. Harr.* (39 *Del.*) 223, 197 *A.* 678. No question has been raised concerning the constitutionality of the present Act.

██ ██ It is beyond dispute that the judgment of a trial court which acts without jurisdiction is void, and that under many decisions by this Court a judgment rendered by a Justice will be reversed on certiorari where the evidence of jurisdiction is not spread upon the record; in other words, the record must show jurisdiction.

██ It is also beyond dispute that jurisdiction over the subject matter of an action cannot be acquired solely by the consent of the accused. Here the objection is not that the Justice was without jurisdiction of the subject matter, but that the Justice did not have jurisdiction over the person of the defendant, because both the Justice and the Constable making the arrest did not advise the defendant of his right to elect the court in which he desired to be tried.

██ There are some rights which are conferred upon

individuals which cannot be considered as mere personal rights and which cannot be foregone either with the express consent of or by waiver by such individuals because of some recognized rule of public policy. I cannot conceive that any question of public policy enters into or otherwise affects the question for consideration. I think that the right of election given to defendants under the Act is merely a personal right or privilege. In *Bishop's New Criminal Procedure*, 4th *Ed., Chap. X*, the doctrine of the waiver of such rights is discussed. At p. 70, § 117, it is said: "In natural reason, one should not complain of a thing done with his consent. And the law, in all its departments, follows this principle. It is analogous to estoppel, or a species of it." and at the same page, § 118: "If, except where some counter doctrine presses with a superior force forbidding, a party has requested or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterwards complain of it, however contrary it was to his constitutional, statutory, or common-law rights."

The right given to the defendant below, by the Act, was the right to elect to have the charge against him tried by the Court of Common Pleas for Kent County. The provisions in the Act imposing the duty upon the Justice and the officer making the arrest to advise an accused of his right of election was designed for the purpose of acquainting an accused with such right. The right to be so informed in the statutory manner is a mere personal right which an accused can waive, and which in the instant case was waived by the defendant below. The entry in the record of the Justice—"Defendant was informed of his rights to elect to be tried before the Court of Common Pleas in and for Kent County, Delaware or me. Defendant elected to be tried in this Court, May 3rd, 1947," is sufficient to evi-

dence the fact, that with full knowledge of his right of election, the defendant below made his election to be tried by the Justice. Where a defendant makes such an election under such circumstances, and allows the case to proceed to judgment, by a plea of guilty, as in this case, or by trial, he should not thereafter be heard to complain, because the final disposition of it by the Justice is not to his liking.

The exceptions are overruled and the judgment below will be affirmed.