NATIONAL PRESSURE COOKER COMPANY, a corporation of the State of Wisconsin,

*vs.*

PHILIP KLEIN, trading as PHIL'S DISTRIBUTORS.

*New Castle, February, 9, 1948.*

*David F. Anderson,* of Southerland, Berl & Potter, for plaintiff.

*F. William Carr,* of *Killoran & Van Brunt,* for defendant.

HARRINGTON, Chancellor: The plaintiff's action is based on *Chapter* 201, *Volume* 43, *Laws of Delaware,* known as the Fair Trade Act, and the defendant has demurred to the bill.

National Pressure Cooker Company alleges that it is engaged in the manufacture of pressure cookers and other articles which are marketed and sold at retail to the consumer under certain brand or trade names; that the plaintiff company has spent large sums of money to advertise and promote the sale of its products under such names (specified in the bill); that, pursuant to the Delaware statute, fair trade agreements were made between the plaintiff company and a large number of retailers in this State which are still in effect and by which certain minimum resale prices were established in Delaware for the plaintiff's products, bearing brand or trade names, and a copy of such contracts, together with a list of the prices established, is attached to the bill; that the defendant, Philip Klein, trading as Phil's Distributors, at a specified place in the City of Wil-

mington, was fully advised of such agreements and of the price list in force and effect in the State of Delaware, but has sold, or offered to sell, the plaintiff's products bearing its brand or trade names, at prices below the minimum retail prices so established, and unless restrained by this court will continue to do so.

National Pressure Cooker Company seeks to enjoin the defendant from selling or offering to sell plaintiff's products, of the kind described in the bill, at prices less than those established in this State.

It appears from the bill that the defendant had not entered into a fair trade agreement with the plaintiff.

*Chapter* 201, *Volume* 43, *Laws of Delaware* is entitled:

"An Act to protect trade-mark owners, producers, distributors and the general public against injurious and uneconomic practices in the distribution of competitive commodities bearing a distinguishing trade-mark, brand or name, through the use of voluntary contracts establishing minimum resale prices and providing for refusal to sell unless such minimum resale prices are observed."

*Section* 6 (which is set out in the bill) and on which the action is based, provides:

"Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of this Act, whether the person so advertising offering for sale or selling is or is not a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

*Section* 16, *Article II of the Constitution of* 1897 provides:

"No bill or joint resolution, except bills appropriating money for public purposes, shall embrace more than one subject, which shall be expressed in its title."

As we have seen, Klein, the defendant, did not enter into a fair trade agreement with National Pressure Cooker Company, the plaintiff, and under his demurrer claims that in view of the provisions of *Section* 6 of the Act the title

is misleading, and therefore violates the constitutional provision above quoted. He does not attack the Act on any other ground. That part of the title relied on as being misleading as to the scope of the Act is the phrase "through the use of voluntary contracts establishing minimum resale prices and providing for refusal to sell unless such minimum resale prices are observed." Klein claims that the reasonable inference from the language is that the Act only applies to persons who make contracts establishing retail sale prices with the manufacturers or distributors of commodities bearing trade-mark or brand names, while *Section* 6 is more comprehensive.

The conclusion in each case necessarily depends upon the particular statute and title involved, but the purpose of *Section* 16, *Article II of the Constitution* is to prevent deception by provisions of which the title gives no intimation. *Wilmington Trust Co. v. Highfield,* 4 *W. W. Harr.* (34 *Del.*) 394, 153 *A.* 864; *Monaghan v. Lewis,* 5 *Pennewill* 218, 59 *A.* 948, 10 *Ann. Cas.* 1048. The title of an Act must, therefore, "be sufficiently comprehensive to give, * * * fair and reasonable notice of the subject-matter of the legislation proposed." *State v. Ferschke,* 2 *Boyce* 477, 81 *A.* 401, 402. But it need not be an index of the provisions of the bill or a synopsis of the means by which its object is to be accomplished. *State v. Emerson,* 1 *Terry* 233, 8 *A.* 2d 154; *State v. Grier,* 4 *Boyce* 322, 88 *A.* 579; *In re Cypress Farms Ditch Co.,* 7 *W. W. Harr.* (37 *Del.*) 71, 180 *A.* 536; 1 *Cooley, Const. Lim.,* 297, *note.* Moreover, the courts are disposed to construe *Section* 16, *Article II* liberally, and where reasonably "possible, it should be so construed as to uphold, rather than destroy, legislation." *Wilmington Trust Co. v. Highfield, supra* [34 *Del.* 394, 153 *A.* 867]; *Monaghan v. Lewis, supra.* It is, therefore, sufficient "if the title is so framed as to apprize those interested in the subject matter of legislation as reasonably to lead to inquiry into the body of the bill." *State v. Emerson, supra.*

In *Clendaniel v. Conrad*, 3 *Boyce* 549, 83 *A*. 1036, 1042, *Ann. Cas.* 1915B, 968, the court said:

"If the provisions of the act relate directly or indirectly to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, they will not be held unconstitutional * * *."

The court also said the constitutional provision "* * * is not violated by any Act, having various details properly pertinent and germane to one general subject."

In other words, if the title is such as to fairly disclose the general character of the enactment, it is usually sufficient. 1 *Cooley, Constit. Lim.*, § 297, *note*. These principles are "but a particular application to the constitutional provision in question of the general principle * * * that every presumption is in favor of the constitutionality of legislative enactments and that they should not be declared invalid unless their invalidity is beyond doubt." *Wilmington Trust Co. v. Highfield, supra.*

*Section* 1 of the so-called "Fair Trade Act" defines certain terms. *Section* 2 provides that no contract relating to the sale or resale of a commodity which bears the trademark, brand or name of the producer or distributor, shall be deemed in violation of any law of Delaware by reason of provisions under which the seller requires the buyer not to sell at less than minimum prices established by the seller. *Section* 3 provides that "for the purpose of preventing evasion of the resale price restrictions imposed in respect of any commodity by any contract entered into pursuant to the provisions of this Act," certain specified practices, such as combination sales, shall be deemed a violation of such resale price restrictions. *Section* 4 provides that the minimum resale price may be fixed only by the owner or distributor specifically authorized by the owner of the trademark, brand or name. *Section* 5 exempts certain resales which otherwise would be covered by a contract entered into under the Act. *Section* 6 has already been quoted. *Section* 7 provides that the Act shall not apply to contracts between

purchasers. *Section* 8 contains the usual severability clause. *Section* 9 repeals inconsistent Acts, and *Section* 10 gives the popular name of the Act. Its apparent intent is to protect the owners of trademarks or trade or brand names from practices regarded by the legislature as unfair business competition, and *Section* 6 is consistent with that general purpose. Nor do I think the title is misleading, though some persons may not enter into the contemplated trade agreements. Applying the principles above stated, that part of the title relied on by the defendant as being more restricted than *Section* 6 is reasonably capable of the construction that it is merely descriptive of the method by which retail prices are to be established and the general intent of the Act carried out.

The Maryland Court of Appeals reached the same conclusion, though other reasons for sustaining the title of the Act were also relied on. *Goldsmith v. Mead Johnson & Co.*, 176 *Md.* 682, 7 *A.* 2*d* 176, 125 *A.L.R.* 1339. A different conclusion was reached in *Bristol-Myers Co. v. Webb's Cut-Rate Drug Co., Inc.*, 137 *Fla.* 508, 188 *So.* 91; but the rule adopted by the Maryland court seems more consistent with established principles. *State v. Emerson*, 1 *Terry* (40 *Del.*) 233, 8 *A.* 2*d* 154, relied on by the defendant, is not inconsistent with this conclusion.

The defendant's demurrer to the plaintiff's bill is overruled, and an order will be entered accordingly.