JOSEPH PAUL HOLLOWAY v. THE STATE OF DELAWARE.

(*March* 10, 1950.)

CAREY, J., sitting.

*W. Howard Thompson* for defendant.

*Daniel J. Layton, Jr.,* Deputy Attorney-General, for the State.

Superior Court for Sussex County, No. 318, Civil Action, 1949.

CAREY, Judge.

To be upheld on certiorari, the record of a Justice of the Peace must show jurisdiction in him. Jurisdiction over the subject matter of an action cannot be conferred upon a Court by consent of an accused, but this is not true of jurisdiction over his person. *Ney* v. *State*, 5 *Terry* 1, 54 *A.* 2*d* 542. This principle has apparently been followed by every Court which has considered it. 14 Am. Jur. 917. Failure to timely object to lack of jurisdiction over the person constitutes a waiver. It has been held that a plea of not guilty is a waiver. *Ford* v. *U. S.*, 273 *U. S.* 593, 47 *S. Ct.* 531, 71 *L. Ed.* 793. Participation in a trial on the merits, even to a very limited extent, was held to be waived in *State* v. *Rosenblum*, 102 *N. J. L.* 125, 130 *A.* 614, even though prior objection to the jurisdiction had been made.

In as much as the issuance, service, and return of a warrant pertain only to jurisdiction over the person, there has clearly been a waiver in this case. The record does not disclose that the accused raised any question in the Court below concerning jurisdiction. On the contrary, it does indicate that he was present and stated that he was ready for trial, and that he pleaded guilty as charged. Under the circumstances, even if no warrant was ever issued or served, he cannot now raise the issue in this Court. The first three exceptions cannot be allowed.

The fourth exception has already been considered and ruled upon by this court in *Morris* v. *State,* 4 *Terry* 404, 47 *A. 2d.* 869 When a defendant voluntarily enters a plea of guilty, the Justice is not required to hear the testimony.

The judgment will be affirmed.