Paul BROWN, Petitioner Below, Appellant,

v.

STATE of Delaware, Respondent Below, Appellee.

Nathaniel LARUE, Petitioner Below, Appellant,

v.

STATE of Delaware, Respondent Below, Appellee.

Supreme Court of Delaware.

July 22, 1968.

Victor F. Battaglia, Wilmington, for petitioners.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the denial by the Superior Court of writs of certiorari to Justice of the Peace Courts. For purposes of this proceeding, the separate charges against the appellants were joined.

Each appellant was charged in a Justice of the Peace Court with driving a motor vehicle while under the influence of intoxicating liquor in violation of 21 Del.C. § 4176(a). Both entered pleas of guilty and were sentenced. Neither was represented by counsel at the time the guilty pleas were taken.

Both appellants, separately, were arrested on view by a State Police officer, and were taken immediately before a Justice of the Peace Court where a warrant was filled out by the State Police officer on information and belief, arraignment had, and a plea of guilty accepted.

The transcripts of the Justice of the Peace Court records indicate that both appellants were told of their right to elect to be tried in the Court of Common Pleas, but do not show that they were advised of their right to counsel and the effect of a guilty plea. Criminal Rule 6(a), Del.C. Ann., of the Justice of the Peace Courts requires, prior to arraignment, that the defendant be advised of his right of election to trial in the Court of Common Pleas; of his right to counsel, and the effect of a plea of guilty. The rule further provides that the giving of this advice shall be noted in the docket of the court.

The appellants seek a reversal of the judgments of guilty in the Justice of the Peace Courts by way of writ of certiorari. The writ of certiorari is a writ of review to ascertain whether or not an inferior court has exceeded its jurisdiction. In considering this question, the reviewing court is confined solely to the record of the inferior court—in this case, the transcripts furnished by the Justice of the Peace Courts. Unless lack of jurisdiction in the Justice of the Peace Court to entertain the cause appears on the face of the transcript, itself, the judgment of the Justice of the Peace Court will be affirmed. Nelte v. State, Del., 198 A.2d 921.

The transcripts before us affirmatively show that the appellants were advised of their right to elect trial before the Court of Common Pleas pursuant to 11 Del.C. § 5901. In Ney v. State, 5 Terry 1, 54 A.2d 542, it was held that § 5901 gave the defendant a personal right of election; that the advising of a defendant of this right was a jurisdictional matter, and, if § 5901 was not complied with, the Justice of the Peace had no jurisdiction over the cause. Necessarily, the advice of the right of

election must appear in the record of the Justice of the Peace and be shown in the transcript of that record.

■■ Appellants, in effect, argue that Rule 6(a), which requires the Justice of the Peace to advise a defendant of his right to counsel and of the effect of a plea of guilty, and to note the fact that such advice was given in the docket, adds an additional jurisdictional qualification. Since such fact does not appear in the transcripts furnished in these causes, it is argued the judgments of conviction must be struck, since, on the face of the records, the Justice of the Peace Court had no jurisdiction. We think, however, to the contrary. Rule 6(a), we think, prescribes a requirement of due process and, as such, is procedural and not jurisdictional. The failure to comply with the rule in fact might vitiate the judgment of guilty, but failure to comply with the rule does not affect at all the jurisdiction of the Justice of the Peace Court to hear the cause.

■ It follows, therefore, that, according to the transcripts filed in this appeal, the Justice of the Peace Court, on the face of the transcripts, had jurisdiction over the offenses with which these two appellants were charged. This being so, the appellants have mistaken their remedy, since errors in procedure may not be corrected by a writ of certiorari. Baxter v. State, 9 W.W.Harr. 223, 197 A. 678. Any remedy the appellants may have in this matter should be pursued under Criminal Rule 23 of the Justice of the Peace Courts.

■ The appellants also argue that the complaints and warrants in this cause were insufficient to bring them to trial and to support their convictions. These arrests were made by State Police officers on view, and their authority to do so is clear. The appellants were brought into court pursuant to these arrests and not as the result of the issuance of warrants of arrest, later served by a police officer. There was, therefore, no necessity, as there was in Caulk et al. v. Municipal Court et al., Del., 243 A.2d 707, for the determination of probable cause to issue a warrant of arrest.

■ Criminal Rule 3(a) of the Justice of the Peace Courts directs that criminal proceedings shall be commenced by the signing of a complaint in the form attached to the rules as Form #1, titled "Complaint and Warrant". The form serves the dual purpose of acting as a written complaint to put a defendant on trial and, also, when required, as proof of probable cause for the issuance of a warrant of arrest.

We think, therefore, that no warrant of arrest was required in these causes since the defendants were arrested in the perpetration of the offenses with which they were charged. That being so, no finding of probable cause for arrest was required. This means that Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503, relied on by appellants, has no application.

The judgments below are affirmed.